RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/13/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FREDDIE R. LEWIS | DOCKET NO. 11-CV-1844; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| JACK GARNER, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Pro se plaintiff Freddie R. Lewis, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is incarcerated at the Winn Correctional Center ("WNC") in Winnfield, Louisiana. Plaintiff complains that he is subject to unlawful strip and body cavity searches upon entering and leaving the Prison Enterprises Garment Factory at WNC, where he is employed. He raised this same issue in civil action #10-291 a member of consolidated case 10-cv-20, which is currently pending in this District Court.

In the instant suit, Plaintiff raises the same claims as he presented in 10-291. In fact, Plaintiff even notes in the caption of his complaint that this new suit is related to the lead consolidated case 10-cv-20. Because the suits are related and the claims are the same, the instant case is duplicative.

An in forma pauperis prisoner's civil rights suit is malicious as a matter of law and is subject to dismissal where the suit raises claims that are duplicative of a prior suit filed by the

same prisoner in federal court. See Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993); 28 U.S.C. § 1915(e)(2). Because this lawsuit by Plaintiff is duplicative, allowing it to proceed would be "redundant and an impermissible waste of judicial resources." See Moore v. U.S. Marshals Service, 2010 WL 1978938, citing Mayfield v. Collins, 918 F.2d 560, 561-62 (5th Cir. 1990).

### *Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that this prisoner action be **DISMISSED** with prejudice as malicious pursuant to 28 U.S.C. §1915(e).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See,**

**Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Thus done and signed at Alexandria, Louisiana, this 18 day of March, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE